Albert BAZA, et al.

v.

CHEVRON OIL SERVICE CO., et al.

Civil Action No. 95–1574.

United States District Court,
E.D. Louisiana.

Aug. 9, 1996.

Darryl John Carimi, David Kent Buie, Carimi Law Firm, Metairie, LA, for Plaintiffs.

Michael L. McAlpine, Richard Abelard Cozad, McAlpine, Peuler & Cozad, New Orleans, LA, Philip Francis Cossich, Jr., Les Anthony Martin, Cossich, Martin & Sumich, LLC, Belle Chasse, LA, Gregory Wayne Minton, Marquette Transp. Co., Paducah, KY, Bruce Reginald Hoefer, Jr., Robert Timothy Lorio, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, LA, Carol Lee Haynes, Louisiana Dept. of Health & Hospitals, New Orleans, LA, for Defendants.

## ORDER AND REASONS

CLEMENT, District Judge.

Before the Court is a Motion to Reconsider filed by Certain Underwriters at Lloyd's ("the Underwriters"). The Underwriters ask the Court to reconsider its ruling of July 19, 1996, which denied the Underwriters' Motion for Summary Judgment against Chevron Oil Service Co. ("Chevron"), granted Chevron's cross Motion for Summary Judgment, and partially granted Chevron's Motion for Summary Judgment against defendant H.J. Gauthier Rental Service, Inc. ("Gauthier"). All three motions involved interpretation of an insurance policy issued by the Underwriters to Gauthier, with Chevron listed as an additional assured, and a time charter agreement between Gauthier and Chevron. In support of the Motion to Reconsider, the Underwriters put forth a new legal argument and potential new affidavits. They also point to several clauses of the insurance policy that they did not bring to the Court's attention at an earlier time.

In the Order and Reasons of July 19, the Court analyzed three issues. The first was whether the "as owner" clause of the insurance policy had been deleted with regard to Chevron as an additional assured in situations where Chevron had chartered a vessel directly from Gauthier. The Court concluded that the policy language on this point was ambiguous, and construed it against the Underwriters, who had drafted it, holding that the "as owner" clause had been deleted in such situations. The Court went on to reason that, with the deletion of the "as owner" clause, the Underwriters owed Chevron coverage whether its negligence was ultimately proven to have occurred in its capacity as time charterer or platform owner. Notwithstanding the Underwriters' new arguments, the Court remains convinced that this analysis, including the application of dicta in *Helaire v. Mobil Oil Co.*, 709 F.2d 1031, 1042 (5th Cir.1983), was correct.

The second issue addressed in the Order and Reasons of July 19 was whether Gauthier was obligated to defend and indemnify Chevron in this action. The Court concluded that Gauthier owed Chevron a defense, but that a decision as to whether it also owed indemnity would have to wait until further factual development at trial. This aspect of the ruling has not been challenged.

The third issue was whether the Underwriters were obligated to indemnify Gauthier for expenses incurred in connection with its contractual liability to Chevron. In their Motion for Summary Judgment, the Underwriters contended that they did not have this obligation because the policy excluded coverage for loss "arising from the cancellation or breach of any charter." Concluding that any liability incurred by Gauthier as a result of its indemnity obligation would not result from the cancellation or breach of a charter,

558

the Court held that the policy did provide coverage to Gauthier for its contractual liability to Chevron.

The Underwriters have now pointed to two additional clauses in the policy that purportedly exclude contractual liability coverage. The SP–23 form provides that: "Notwithstanding anything to the contrary contained in this policy, no liability attaches to the Assurer: ... For any claim for loss of life or personal injury in relation to the handling of cargo where such claim arises under a contract of indemnity between the Assured and his sub-contractor." It also states that "Unless otherwise agreed by endorsement to this policy, liability hereunder shall in no event exceed that which would be imposed on the Assured by law in the absence of contract." On their face, these clauses exclude coverage for expenses incurred by Gauthier because of its contractual liability obligation to Chevron in this case, unquestionably a "claim for personal injury in relation to the handling of cargo." Gauthier has not provided any legal or factual reason why these clauses should not be applied to exclude the coverage it seeks. Had the Court been aware of these additional provisions, it would not have ruled in Gauthier's favor on this issue in the Order and Reasons of July 19.

For the foregoing reasons, Part 3 of the "Analysis" section of the Order and Reasons of July 19 is VACATED insofar as it holds that Gauthier is entitled to contractual indemnity insurance under the policy issued by the Underwriters. Instead, the Court now holds that, as a matter of law, Gauthier is not entitled to contractual indemnity insurance where it is obligated to indemnify Chevron for liability under its agreement with Chevron. In all other respects, the Underwriters' Motion for Reconsideration is DENIED.